David Krieger, Esq.
Nevada Bar No. 9086
Shawn Miller, Esq.
Nevada Bar No. 7825
KRIEGER LAW GROUP, LLC
2850 W. Horizon Ridge Parkway
Suite 200
Henderson, Nevada 89052
Phone: (702) 848-3855
Email: dkrieger@kriegerlawgroup.com
Email: smiller@kriegerlawgroup.com

Attorney for Plaintiff
*James Molinaro*

# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| | |
|---|---|
| JAMES MOLINARO, | Civil Action No.: |
| Plaintiff, | **COMPLAINT FOR DAMAGES** |
| v. | **PURSUANT TO THE FAIR CREDIT REPORTING ACT, 15 U.S.C. § 1681, ET SEQ.** |
| NATIONAL CONSUMER TELECOM & UTILITIES EXCHANGE, INC, | |
| Defendant. | **JURY TRIAL DEMANDED** |

## INTRODUCTION

1. The United States Congress has found the banking system is dependent upon fair and accurate credit reporting. Inaccurate credit reports directly impair the efficiency of the banking system, and unfair credit reporting methods undermine the public confidence, which is essential to the continued functioning of the banking system. Congress enacted the Fair Credit

Reporting Act, 15 U.S.C. § 1681 *et seq.* ("FCRA"), to ensure fair and accurate reporting, promote efficiency in the banking system, and protect consumer privacy. The FCRA seeks to ensure consumer reporting agencies exercise their grave responsibilities with fairness, impartiality, and a respect for the consumer's right to privacy because consumer reporting agencies have assumed such a vital role in assembling and evaluating consumer credit and other information on consumers. The FCRA also imposes duties on the sources that provide credit information to credit reporting agencies, called "furnishers."

2. Through a tightly wound set of procedural protections, the FCRA protects consumers from the material risk of harms that otherwise flow from inaccurate reporting. Thus, through the FCRA, Congress struck a balance between the credit industry's desire to base credit decisions on accurate information, and consumers' substantive right to protection from damage to reputation, shame, mortification, and the emotional distress that naturally follows from inaccurate reporting of a consumer's fidelity to his or her financial obligations.

3. James Molinaro ("Plaintiff"), by Plaintiff's attorneys, brings this action against National Consumer Telecom & Utilities Exchange, Inc ("NCTUE" or "Defendant") for violations of the FCRA, as set forth below.

## JURISDICTION AND VENUE

4. This Court has federal question jurisdiction because this case arises out of violations of the FCRA. 15 U.S.C. § 1681 *et seq.*; 28 U.S.C. § 1331; *Smith v. Community Lending, Inc.*, 773 F.Supp.2d 941, 946 (D. Nev. 2011).

5. Venue is proper in the United States District Court for the District of Nevada pursuant to 28 U.S.C. § 1391(b) because Plaintiff is a resident of Clark County, Nevada and because Defendant is subject to personal jurisdiction in Clark County, Nevada; conducts business in Clark County, Nevada; the events giving rise to this action occurred in Clark County, Nevada; and Defendant is registered with the Nevada Secretary of State as a foreign limited liability company and has appointed a registered agent in Nevada.

## PARTIES

6. Plaintiff is a natural person residing in the County of Clark, State of Nevada. In addition, Plaintiff is a "consumer" as that term is defined by 15 U.S.C. § 1681a(c).

7. NCTUE regularly assembles and/or evaluates consumer credit information for the purpose of furnishing consumer credit reports to third parties, and uses interstate commerce to prepare and/or furnish the reports. NCTUE is a "consumer reporting agency" as that term is defined by 15 U.S.C. § 1681a(f), doing business with its principal place of business in Georgia.

8. Unless otherwise indicated, the use of Defendant's name in this Complaint includes all agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers of Defendant.

**NCTUE Failed to Respond to Plaintiff's Written Dispute**

9. In an NCTUE credit report dated July 10, 2021, NCTUE reported inaccurate information regarding Plaintiff's credit history. Specifically, NCTUE reported a balance of $652.88 on an AT&T account plaintiff had discharged in bankruptcy.

10. On or about August 27, 2021, pursuant to 15 U.S.C. § 1681i(a)(2), Plaintiff disputed NCTUE's reported information regarding misreported trade lines by notifying NCTUE, in writing, of the incorrect and inaccurate credit information reported by NCTUE.

11. Specifically, Plaintiff mailed a written dispute, first class US Mail, to NCTUE ("Dispute Letter"), requesting disputed inaccurate and incorrect derogatory information be removed, corrected, or deleted.

12. NCTUE was required to conduct an investigation into the disputed account pursuant to 15 U.S.C. § 1681i.

13. NCTUE thereafter failed to comply with its obligation to provide Plaintiff with the results of any "reinvestigation" completed pursuant to 15 U.S.C. §

1681i(a)(6) relating to the Dispute Letter. Indeed, NCTUE simply never responded to the Dispute Letter.

14. As a result of NCTUE's failure to provide a consumer disclosure, NCTUE negligently failed in its duties as required by and in violation of 15 U.S.C. § 1681i(a)(6).

15. Further, NCTUE willfully failed in its duties as required by and in violation of 15 U.S.C. § 1681i(a) when NCTUE failed to provide written notice to Plaintiff of the results of a reinvestigation not later than 5 business days after the completion of the reinvestigation (assuming an investigation was completed), by mail or, if authorized by the consumer for that purpose, by other means available to the agency. Indeed, NCTUE failed to provide Plaintiff any evidence of any investigation it conducted into the disputes raised in the Dispute Letter, thereby necessitating Plaintiff send additional demands to correct inaccurate information and shirking NCTUE's duties under the FCRA.

**FIRST CAUSE OF ACTION**
**VIOLATION OF THE FAIR CREDIT REPORTING ACT**
**15 U.S.C. § 1681 *ET SEQ*. (FCRA)**

16. Plaintiff incorporates by reference all the above paragraphs of this Complaint as though fully stated herein.

17. Defendant failed to conduct a reasonable investigation as required by 15 U.S.C. § 1681i(a), and wrongly verified inaccurate information in connection with Plaintiff's credit reports.

18. Defendant failed to review all relevant information provided by Plaintiff in the Dispute Letter, as required by and in violation of 15 U.S.C. § 1681i(a).

19. Upon receipt of the Dispute Letter, Defendant failed to conduct an investigation with respect to the disputed information as required by 15 U.S.C. § 1681i(a).

20. Despite Plaintiff's efforts to correct Defendant's erroneous and negative reporting in writing, Defendant neglected, refused, or failed to do so.

21. Defendant's failure to provide a reinvestigation correcting its inaccurate and negative reporting in light of its knowledge of the actual error was willful. Plaintiff is, accordingly, eligible for statutory damages.

22. Also as a result of Defendant's failure to provide a reinvestigation correcting its inaccurate and negative reporting, Plaintiff has suffered actual damages, including without limitation fear of credit denials, out-of-pocket expenses in challenging Defendant's wrongful representations, damage to her creditworthiness, and emotional distress.

23. The foregoing acts and omissions constitute numerous and multiple willful, reckless, or negligent violations of the FCRA, including but not limited to

each and every one of the above-cited provisions of the FCRA, 15 U.S.C. § 1681.

24. As a result of each and every willful violation of the FCRA, Plaintiff is entitled to actual damages as the Court may allow pursuant to 15 U.S.C. § 1681n(a)(1); statutory damages pursuant to 15 U.S.C. § 1681n(a)(1); punitive damages as the Court may allow pursuant to 15 U.S.C. § 1681n(a)(2); and reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1681n(a)(3) from Defendant.

25. As a result of each and every negligent noncompliance of the FCRA, Plaintiff is entitled to actual damages as the Court may allow pursuant to 15 U.S.C. § 1681o(a)(1); and reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1681o(a)(2) from Defendant.

### PRAYER FOR RELIEF

Plaintiff respectfully requests the Court grant Plaintiff the following relief against Defendant:

### FIRST CAUSE OF ACTION
### VIOLATION OF THE FAIR CREDIT REPORTING ACT
### 15 U.S.C. § 1681 ET SEQ. (FCRA)

- actual damages pursuant to 15 U.S.C. § 1681n(a)(1);

- statutory damages pursuant to 15 U.S.C. § 1681n(a)(1);

- punitive damages as the Court may allow pursuant to 15 U.S.C. § 1681n(a)(2);
- costs of litigation and reasonable attorney's fees, pursuant to 15 U.S.C. § 1681n(a)(3), and 15 U.S.C. § 1681(o)(a)(1) against Defendant for each incident of negligent noncompliance of the FCRA; and
- any other relief the Court may deem just and proper.

## TRIAL BY JURY

26. Pursuant to the Seventh Amendment to the Constitution of the United States of America, Plaintiff is entitled to, and demands, a trial by jury.

Dated: October 22, 2021

                              Respectfully submitted,

                              By    /s/ David Krieger, Esq.
                                   David Krieger, Esq.
                                   Nevada Bar No. 9086
                                   Shawn Miller, Esq.
                                   Nevada Bar No. 7825
                                   KRIEGER LAW GROUP, LLC
                                   2850 W. Horizon Ridge Parkway
                                   Suite 200
                                   Henderson, Nevada 89052
                                   Phone: (702) 848-3855
                                   Email: dkrieger@kriegerlawgroup.com
                                   Email: smiller@kriegerlawgroup.com

KRIEGER LAW GROUP, LLC
2850 W. Horizon Ridge Pkwy, Suite 200
Henderson, Nevada 89052